**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**Bid Protest**

| | |
|---|---|
| **Savantage Financial Services, Inc.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant.** | **No. 1:08-cv-21**<br>**(Judge Futey)** |

**PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

Plaintiff Savantage Financial Services, Inc. ("Savantage") respectfully moves the Court for an order granting Plaintiff's request to supplement the Administrative Record ("AR") in this proceeding by adding: (1) the documents contained in Plaintiff's Appendix in Support of its Motion for Preliminary Injunction and Application for Temporary Restraining Order, dated January 11, 2008 ("Plaintiff's Appendix"), consisting of a Declaration of Michael Handberg with three attachments and all or portions of documents generated by, for or about the Department of Homeland Security ("DHS"); and (2) a Second Declaration of Michael Handberg attached to Plaintiff's Motion for Summary Judgment on the Administrative Record, dated February 8, 2008.

The AR filed by Defendant contains voluminous documents having little relevance to the crux of Plaintiff's complaint, namely, that the DHS violated statutory and regulatory requirements (a) by failing to conduct a competitive procurement for the selection of a financial management software system to be used by all DHS components, and (b) by issuing a legally-deficient brand name justification for its non-competitive selection of the Oracle and SAP

shared baseline to be implemented by the successful EAGLE contractor under the current TASC solicitation. The only relevant document is the Brand Name Justification and supporting materials contained at Tab 13 of the AR. The Brand Name Justification purports to describe the reasons why the Oracle and SAP financial management software systems were determined to be essential to DHS's needs, to the exclusion of the Savantage system. The documents at Tab 13, however, do not paint a complete picture for the Court in that independent audit findings regarding the performance of the various financial management software systems in use at DHS, evidence of licensing costs for the Oracle system, and more complete and accurate details regarding the Savantage system were absent from those materials. Plaintiff therefore believes that the Court must review and consider the declarations and other documents furnished by Savantage with its pleadings in order to have a full and complete understanding -- and to conduct a more meaningful judicial review -- of the issues involved in this case.

Plaintiff recognizes that the Court will review the issues raised by Savantage through "the prism of the administrative record" under the procedures established by RCFC 52.1 for motions for judgment on the administrative record. *Advanced Systems Development, Inc. v United States*, 72 Fed.Cl. 25 (2006). As the Court observed, however, "the parties should be permitted, in appropriate cases, to supplement the administrative record, since 'in most bid protests, the 'administrative record' is something of a fiction, and certainly cannot be viewed as rigidly as if the agency had made an adjudicative decision on a formal record that is then certified for court review.'" *Id*. at 33, citing *Cubic Applications, Inc. v. United States*, 37 Fed.Cl. 345, 350 (1997). As described by the Court:

> The Court may allow supplementation of the Administrative Record, at its discretion, in limited circumstances. *See Impresa*, 238 F.3d at 1338 (finding supplementation permissible where "required for meaningful judicial review"); *see also Cubic*

> *Applications, Inc. v. United States*, 37 Fed.Cl. 339, 342 (1997) (adopting list of limited circumstances where supplementation may be allowed). In general, the Court will supplement the administrative record when it is necessary for a full and complete understanding of the issues. *Blue & Gold Fleet*, 70 Fed.Cl. at 494; *see also Impresa*, 238 F.3d at 1338-39 (ordering supplementation with contracting officer's deposition testimony to fill gaps concerning factors agency considered in reaching decision); *Rig Masters, Inc. v. United States*, 70 Fed.Cl. 413, 424 (2006) (allowing supplementation to assist the Court in understanding an agency decision); *Stapp Towing, Inc. v. United States*, 34 Fed.Cl. 300, 308 (1995) (allowing supplementation when the agency failed to consider factors relevant to its final decision). . . ..

*Benchmade Knife Company, Inc. v. United States*, 79 Fed.Cl. 731, 736 (2007). It is not uncommon in bid protest cases for the Court to need and allow supplementation of the administrative record because agencies hastily and retroactively create the administrative record that is filed with the court for review, thereby delineating "the scope of review [that] may preclude the 'substantial inquiry' and 'thorough, probing, in-depth review' the court must perform to determine whether the agency's action was arbitrary and capricious." *Myers Investigative and Sec. Services, Inc. v. United States*, 47 Fed.Cl. 288, 293 (2000 (allowing supplementation with declarations and other documents), citing *Mike Hooks, Inc. v. United States*, 39 Fed.Cl. 147, 156 (1997); *see also Eracent, Inc. v. United States*, 79 Fed.Cl. 427, 428 (2007) (allowing supplementation with affidavit, declarations and other documents); *Reilly's Wholesale Produce v. United States*, 73 Fed.Cl. 705, 706 (2006) (allowing supplementation with affidavits and declarations attached to briefs); *Blue & Gold Fleet, LP v. United States*, 70 Fed.Cl. 487, 494 (2006) (allowing supplementation in part).

The documents that Savantage seeks to add to the AR are necessary to fill gaps in the record as compiled by Defendant, to provide information about the Savantage system for purposes of demonstrating the system's capabilities to meet DHS's needs, to demonstrate the costs associated with acquiring additional licenses from Oracle, and to provide information

regarding the actual performance of the various financial management systems currently used by DHS. Such matters are nowhere addressed in the existing AR. Accordingly, in order to facilitate the "thorough, probing, in-depth review" by the Court of the issues raised in this case (*i.e.*, whether DHS's failure to conduct a competitive procurement to select a financial management software system and DHS's Brand Name Justification were arbitrary and capricious, an abuse of discretion, and contrary to applicable law), Plaintiff respectfully submits that supplementation of the AR with the documents noted above is not only warranted, but is also necessary.

Based on the above, Plaintiff respectfully requests that the Court grant this motion to supplement the AR.

Respectfully submitted,

s/ Timothy Sullivan

Timothy Sullivan
1909 K Street, N.W., 6th Floor
Washington, D.C. 20006
(202) 585-6930 (tel.)
(202) 508-1028 (fax)

Attorney of Record for Plaintiff Savantage Financial Services, Inc.

Of Counsel:

Katherine S. Nucci
Thompson Coburn LLP
1909 K Street, N.W., 6th Floor
Washington, D.C. 20006
(202) 585-6900 (tel.)
(202) 585-6969 (fax)

Dated: February 27, 2008

CERTIFICATE OF FILING

I hereby certify that on the 27th day of February 2008, a copy of "Plaintiff's Motion To Supplement The Administrative Record" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Timothy Sullivan