**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**Bid Protest**

| | | |
|---|---|---|
| SAVANTAGE FINANCIAL SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-21 |
| | ) | (Judge Futey) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

Defendant hereby responds to plaintiff's motion to supplement the administrative record. The administrative record, as filed by the United States on January 22 and January 23, 2008, is thorough and complete, and provides the Court and the parties the necessary information to determine whether the Department of Homeland Security's ("DHS") issuance of Request for Quotation ("RFQ") HSHQDC-08-Q-0018 in furtherance of the procurement of software development and integration support services was reasonable and in accordance with law. For the reasons set forth in detail below, plaintiff's untimely motion[1] for supplementation of the administrative record should be denied.

**ARGUMENT**

**I. Standard Of Review**

A court's review of a bid protest should be based upon an examination of the materials that were developed and considered by the agency in making its decision. Aero Corp. v. United

[1] Plaintiff's motion to supplement the administrative record was filed over a month after the administrative record was finalized in this case, not to mention a full five days after defendant's response to plaintiff's motion for judgment on the administrative record was filed.

States, 38 Fed. Cl. 408, 410 (1997). Therefore, in these cases, courts generally confine themselves to the administrative record developed by the agency. Murakami v. United States, 46 Fed. Cl. 731, 734 (2000); Rust Constructors Inc. v. United States, 49 Fed. Cl. 490, 496 (2001). The administrative record consists of the materials and files that were before the agency at the time the agency's decision was made. Dismas Charities, Inc. v. United States, 61 Fed. Cl. 191, 198-99 (2004). The administrative record generally should not include materials created or obtained subsequent to the time the agency decided to take the challenged action because such materials could not have been considered by the agency in making its decision. Id.

In extremely limited circumstances, courts have supplemented the administrative record where it is deemed necessary to preserve meaningful judicial review. Rust Constructors, 49 Fed. Cl. at 496. Supplementation may be appropriate: (1) when an agency action is not adequately explained in the record before the court; (2) when the agency failed to consider factors which are relevant to its final decision; (3) when an agency considered evidence which it failed to include in the record; (4) when a case is so complex that a court needs more evidence to enable it to understand the issues clearly; (5) in cases where evidence arising after the agency action shows whether the decision was correct or not; (6) in cases where agencies are sued for a failure to take action; (7) in cases arising under the National Environmental Policy Act; and (8) in cases where relief is at issue, especially at the preliminary injunction stage. Cubic Applications, Inc. v. United States, 37 Fed. Cl. 339, 342 (1997) (quoting and citing Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir. 1989)). These exceptions are based upon necessity and are only triggered when the omission of extra-record evidence would preclude effective judicial review. Id.

## II. The Declarations Of Michael Handberg, As Well As Exhibits 4 And 6, Are Irrelevant To The Issues In This Case

The instant motion to supplement the administrative record is the latest in a series of attempts by plaintiff to transform this case into something that it is not. As the Government has discussed extensively in its briefing and at oral argument, the only procurement provided for under RFQ HSHQDC-08-Q-0018 is the procurement of software development and integration support services to be obtained through a task order placed under a fully competed IDIQ contract. Because a successful offeror under RFQ HSHQDC-08-Q-0018 will not purchase software in connection with its services, and any procurement of software that may be necessary in the future will be made by DHS in a potential, future contracting action that is wholly separate from the procurement that is actually before this Court, this is not a case where an agency is being sued for a "failure to take action" within the meaning of Cublic Applications. As such, there is no basis for injecting into this administrative record any of the materials that Savantage has generated for litigation purposes regarding the purported advantages and capabilities of is software product, or, indeed, any other materials that pertain to software purchasing considerations. Savantage's motion to supplement the administrative record should be denied.

Plaintiff primarily seeks to supplement the administrative record with two declarations that were generated solely for purposes of this litigation. At best, such declarations may be part of the record of the case, but they are not properly part of the administrative record. Knowledge Connections, Inc. v. United States, 79 Fed. Cl. 750, 760-61 (2007) ("The parties' motions [to supplement] are denied to the extent that they request that the administrative record, which was developed before GSA, be supplemented by the declarations. These declarations were not before GSA when it made its procurement determination, and consequently the administrative record

may not properly be supplemented with them."). As it is, however, the declarations, which range from the self-serving to the baseless, are irrelevant to the procurement of services. In the declaration appearing as Exhibit 1 in the appendix to plaintiff's motion for preliminary injunction, Savantage Vice President Michael Handberg–who does not now and has never worked for DHS and, therefore, has no actual knowledge of that agency's actual needs–purports to opine both as to the number of software licenses that DHS will need to purchase (in a procurement wholly separate and apart from the procurement of services under RFQ HSHQDC-08-Q-0018) over the next ten years, and as to the cost of those putative acquisitions. In Mr. Handberg's second declaration and its attached exhibits, which are attached to plaintiff's motion for judgment upon the administrative record, Mr. Handberg does nothing more than trumpet for this Court what Savantage believes to be the advantages of using its software. As we have previously noted, however, RFQ HSHQDC-08-Q-0018 accomplishes no purchase of software. The Handberg declarations in question, and their attachments are, therefore, irrelevant.

Plaintiff also seeks to supplement the administrative record in this case with Exhibits 4 and 6 in its appendix. Exhibit 4, like the Handberg declarations, is nothing more than a letter by Savantage to one of DHS's components touting the advantages of its software, and is irrelevant to the current proposed procurement of services. Exhibit 6 is even more irrelevant. Exhibit 6 is nothing more than a generalized memo issued from the Office of Management and Budget to all Chief Acquisition Officers and Senior Procurement Executives exhorting them to use proper procedures with respect to brand name or equal purchase descriptions. Exhibit 6 does not pertain to software or services, and is not directed either at DHS in particular or at DHS's proposed procurement of software development and integration and support services.

We have previously explained why this matter is not properly styled as a failure on the part of an agency to take action, and why supplementation of the record upon that basis is inappropriate. It also bears noting that, because of the irrelevancy of the documents at issue on this motion to the procurement of software development and integration support services, none of the materials that plaintiff proposes to add to the administrative record in this case explain DHS's actions, point to factors that are relevant to DHS's decision to procure services, constitute evidence that DHS considered, explains complexities in this matter, or informs this Court as to the considerations affecting the award of injunctive relief. Indeed, such materials cannot inform the Court's inquiry at all. Thus, plaintiff's motion to supplement should be denied.

### C. Exhibits 3, 5 and 7 To Plaintiff's Motion For Preliminary Injunction Must Be Excluded From The Administrative Record Because They Constitute Excerpts, Rather Than Complete Documents

Exhibits 3, 5, and 7, contained in the appendix to plaintiff's motion for a preliminary injunction are selected excerpts from several publicly available documents, namely DHS's Annual Financial Report, RFQ HSHQDC-08-Q-0018, and an Office of Inspector General Audit Report. The Government does not consider the administrative record to be incomplete, nor does it believe that the exclusion of any of these materials from the record precludes effective judicial review in this bid protest. The Government would have voiced no opposition to the inclusion of these materials, however,[2] had the documents at issue been presented in their entirety, rather than in the form of excerpts. As it is, however, Exhibits 3, 5 and 7 do not represent the entirety of the information that was available to the contracting officer in their source documents at the time of

[2] The Government does not, for example, object to the inclusion in the administrative record of Exhibit 2, a June 28, 2007 GAO Report entitled "Homeland Security: Transforming a Departmentwide Financial Management Systems Remains a Challenge."

DHS's decision to issue RFQ HSHQDC-08-Q-0018, and, therefore, potentially paint a misleading picture of that information. Accordingly, plaintiff's motion to supplement the administrative record with Exhibits 3, 5, and 7 should be denied.

## CONCLUSION

For the foregoing reasons, we respectfully request that plaintiff's motion to supplement the administrative record be denied.

Respectfully submitted,

JEFFREY S. BUCKHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Todd Hughes for s/Bryant G. Snee
BRYANT G. SNEE
Deputy Director

s/ A. Bondurant Eley
A. BONDURANT ELEY
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-8254
Facsimile: (202) 514-8624

March 7, 2008

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on this 7th day of March 2008, a copy of "DEFENDANT'S NOTICE OF FILING THE ADMINISTRATIVE RECORD" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ A. Bondurant Eley